Heffernan, J. P.
(dissenting). I concur in the opinion of Mr. Justice Bergan to the extent only that he recommends an affirmance of the judgment of conviction for the crime of grand larceny. I cannot agree to uphold the conviction for the crime of concealing and withholding stolen property.
The indictment charged both crimes in separate counts. They are separate and distinct offenses.
It is conceded that the property which the defendant was accused of stealing is the identical property which he was accused of concealing. To my mind it is an absurdity to hold that a thief can be convicted for receiving from himself the same property which he has stolen. On this question I adopt the views of Mr. Justice Dore in his dissenting opinion in People v. Vitolo (271 App. Div. 959, affd. 297 N. Y. 575).
The People are relying on the case cited to sustain the judgment under review. That authority does not support their position. In the Vitolo case defendant was charged in one count *25 with the larceny of a truck and its contents and in a second count with concealing and withholding the latter. The evidence established that defendant and others were engaged in the caption and asportation of the truck and its contents. The stolen merchandise remained in unbroken possession of defendant and his confederates until their apprehension. Defendant was convicted on both counts and given the same sentence on each, the sentences to run concurrently. On appeal, however, defendant raised no question as to the validity of his conviction on the larceny count. Under such circumstances it cannot be successfully argued that the Court of Appeals gave its stamp of approval to the procedure adopted in that case and thereby overruled prior decisions to the contrary.
The conviction of defendant for concealing and withholding stolen merchandise is wholly inconsistent with his conviction for the larceny of the same property.
Mot only are larceny and the crime of receiving stolen goods separate, distinct and independent offenses but they likewise require different kinds of proof (People v. Brien, 53 Hun 498). The receiver may be convicted although he was in no way connected with the felonious taking (Penal Law, § 1308). Larceny is the actual appropriation of property with a felonious intent and the crime is not complete until possession is acquired (Penal Law, § 1290). Receiving the stolen property is actually subsequent to the larceny and in fact no part of it.
It seems to me that the offense of receiving stolen property under section 1308 necessarily involves at least two persons— the larcenist and the one who received it knowing it to have been stolen. In the enactment of section 1308 we may not attribute to the Legislature an intent to penalize the thief by a double punishment for a single criminal transaction.
The judgment convicting defendant as a receiver of stolen property should be reversed and that count in the indictment dismissed.
Brewster, Deyo and Sajsttey, JJ., concur with Bergah, J.; Heffernaft, J. P., dissents and votes to reverse the judgment convicting defendant as a receiver of stolen property and to dismiss that count of the indictment, in a memorandum.
Judgment of conviction on both counts of the indictment affirmed.